**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------ x
In re:                                                             :
                                                                   :   Chapter 15
                                                                   :
SPECTRA PREMIUM INDUSTRIES INC., *et al.*,[1]                      :   Case No. 20-10611 (BLS)
                                                                   :
                                                                   :   (Jointly Administered)
Debtors in a Foreign Proceeding.                                   :
                                                                   :   **Requested Hearing Date: May 28, 2020
                                                                   :       at 11:30 a.m. (ET)**
------------------------------------------------------------------ x   **Requested Objection Deadline: At the Hearing**

**MOTION FOR ENTRY OF AN ORDER
AUTHORIZING PETITIONER TO FILE UNDER SEAL THE DEBTORS'
SETTLEMENT AGREEMENT WITH INDIANA BECKNELL INVESTORS 2011 LLC**

Ernst & Young Inc., in its capacity as the court-appointed monitor and duly authorized foreign representative (in such capacity, the "Petitioner"), as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of Spectra Premium Industries Inc. ("Spectra"), Spectra Premium Holdings (USA) Corp. ("Spectra Holdings US"), Spectra Premium (USA) Corp. ("Spectra US"), and Spectra Premium Properties (USA) Corp. ("Spectra Properties US" and, together with Spectra, Spectra Holdings US and Spectra US, the "Debtors"), through its United States co-counsels, Landis Rath & Cobb LLP and Norton Rose Fulbright US LLP, hereby submits this motion (the "Motion") to file the settlement agreement and a lease extension (the "Settlement Agreement") between Indiana Becknell Investors 2011 LLC (the "Landlord") and Spectra US under seal in order to protect the confidentiality of the commercial terms thereof. In support of this Motion, the Petitioner respectfully represents as follows:

---

[1] The Debtors in these Chapter 15 cases, along with the last four digits of each Debtor's federal identification number, are: Spectra Premium Industries Inc. (4016); Spectra Premium Holdings (USA) Corp. (7133); Spectra Premium (USA) Corp. (9447); and Spectra Premium Properties (USA) Corp. (7618). The registered office of Spectra Premium Industries Inc., the Debtors' ultimate parent company, is located at 1 Place Ville Marie in Montréal, Quebec, Canada, H3B 4M4, Suite 4000. The Debtors are collectively managed from the Spectra Group's corporate headquarters in Boucherville, Quebec, Canada.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2] Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 107(b) of chapter 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## GENERAL BACKGROUND

3. On the March 11, 2020 (the "Petition Date"), the Petitioner filed with this Court voluntary petitions for each of the Debtors under Chapter 15 of the Bankruptcy Code and the *Petitioner's Verified Petition under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief* [D.I. 5] (the "Verified Petition")[3] seeking recognition of the Canadian Proceedings as foreign main proceedings or, in the alternative, as foreign nonmain proceedings and related relief.

---

[2] Pursuant to Local Rule 9013-1(f), the Petitioner hereby confirms its consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Verified Petition.

4.  The Canadian Proceedings were commenced under the CCAA, pursuant to which the Canadian Court entered an order appointing the Petitioner as monitor for the Debtors and certain of their affiliates and further authorizing the Petitioner to act as foreign representative of the Debtors to, among other things, commence these Chapter 15 cases (as amended and restated, the "Initial Order").

5.  Additional information about the Debtors' businesses, the events leading up to the Petition Date, and the facts and circumstances surrounding the Debtors, the Canadian Proceedings, and the commencement of these Chapter 15 cases can be found in the Verified Petition, which is hereby incorporated by reference.

## THE SETTLEMENT AGREEMENT

6.  The Landlord is the lessor of certain real property under that certain Lease (as amended, the "Lease") for property located at Axcess70 Building 2, 3052 North Distribution Way, Greenfield, Indiana 46140 (the "Premises"), which Spectra US leases for use as one of its US Distribution Facilities. Since the Petition Date, the Landlord and the Debtors disputed whether the Lease's termination date was April 30, 2020, as the Landlord asserted, or May 31, 2020 at the earliest, as the Debtors asserted.

7.  The Landlord filed the *Objection of Indiana Becknell Investors 2011 LLC and Alliance Interstate Park Indiana Becknell Investors LLC to Petitioner's Verified Petition Under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief* [D.I. 33] (the "Recognition Objection"), challenging the recognition of the Canadian Proceeding in respect of Spectra US as a foreign main proceeding and arguing that Spectra US has its center of main interests in the United States, not Canada.[4] On April 27, 2020, after unsuccessfully trying to

---

[4] The Landlord did not object to the recognition of Spectra US's Canadian Proceedings as a foreign nonmain proceeding. In addition, the Landlord did not object to the recognition of any other Debtor's Canadian Proceeding

negotiate a consensual resolution with the Landlord, the Debtors in the Canadian Proceedings filed with the Canadian Court a *Motion for Declaratory Judgment and for the Issuance of a Safeguard Order Regarding a Leased Property* (the "Safeguard Motion"). The Canadian Court adjourned the hearing on the Safeguard Motion as the parties worked to explore a potential settlement. The Landlord then filed the *Indiana Becknell Investors 2011 LLC's Motion for Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* [D.I. 51] (the "Stay Relief Motion") seeking entry of an order finding that the automatic stay does not apply to the Lease or the Landlord's actions thereunder. The Petitioner objected to the Stay Relief Motion arguing that the dispute was pending in the Canadian Proceedings and should not be decided in these Chapter 15 cases. *See Petitioner's Objection to Motion of Indiana Becknell Investors 2011 LLC for Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* [D.I. 60].

8. After weeks of hard-fought, good-faith, arm's-length negotiations, the parties reached a settlement regarding all pending disputes, the terms of which are embodied in the Settlement Agreement. Under the Settlement Agreement, the parties agreed to an extension of the Lease, and the Landlord agreed to withdraw both the Recognition Objection and the Stay Relief Motion. The Settlement Agreement, however, will not become effective unless and until it is approved by the Canadian Court in the Canadian Proceedings and this Court in these Chapter 15 cases.

9. The Debtors filed a motion in the Canadian Proceeding seeking approval of the Settlement Agreement (the "Settlement Motion"), a copy of which is attached hereto as Exhibit A. It is anticipated that the Canadian Court will enter an order approving the Settlement Motion on

---

as a foreign main proceeding. *See Petitioner's Response in (A) Further Support of Verified Petition Under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief, and (B) Opposition to Objection to Recognition of the Canadian Proceedings* [D.I. 56] ¶3.

March 28, 2020.  The Settlement Agreement is, by its terms, confidential and has been filed under seal in the Canadian Proceedings.  The proposed order recognizing the Canadian Proceedings will attach the Settlement Agreement as an Exhibit..  The Settlement Agreement contains sensitive commercial terms, including confidential rental payment amounts.

## RELIEF REQUESTED

10. By this Motion, the Petitioner seeks entry of an order, substantially in the form of the proposed order attached hereto as Exhibit B, (i) authorizing the Petitioner to file under seal the Settlement Agreement, (ii) directing that the Settlement Agreement not be made available to any person or entity except the Court, the U.S. Trustee, and other persons upon further order of the Court, and (iii) granting such other and further relief as is just and proper.

## BASIS FOR RELIEF

11. A bankruptcy court may grant the relief requested herein pursuant to Bankruptcy Code section 107(c)(1) and Bankruptcy Rule 9018.  Bankruptcy Code section 107(b)(1) provides bankruptcy courts with the power to limit disclosure of commercial information.  In relevant part, section 107(b)(1) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) Protect an entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b)(1).  Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under Bankruptcy Code section 107(b), and provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any

>paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

12. The Petitioner respectfully submits that certain economic terms of the Settlement Agreement are of a sensitive, confidential and proprietary nature to the Debtors and the Landlord, and thus, constitute confidential commercial information as contemplated by Bankruptcy Code section 107. "Commercial information" has been defined as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Altera Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*, 21 F.3d 27, 27-28 (2d Cir. 1994)). Unlike Rule 26(c) of the Federal Rules of Civil Procedure, Bankruptcy Code section 107(c) does not require a demonstration of "good cause." Rather, if material sought to be protected falls within one of the enumerated categories, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Moreover, the resulting order should be broad, that is "any order which justice requires." *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing, Ltd.*, 295 B.R. at 724.

13. The Settlement Agreement contains non-public, confidential and commercially sensitive information regarding the terms and financial details of the amended Lease, including the amount of rent to be paid thereunder (the "<u>Confidential Information</u>"). Disclosing the economic terms of the Settlement Agreement, including the agreed rental payments, could harm the Debtors' and the Landlord's business interests and disrupt other and future negotiations

between the Debtors, the Landlords, and/or other parties. Accordingly, the Petitioner submits that approval of this Motion is necessary and appropriate and in the best interests of the Debtors, their estates and their creditors.

## NOTICE AND NO PRIOR REQUEST

14. The Petitioner has provided notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel for the Landlord; (c) counsel to Wells Fargo Canada; (c) BLC; (d) EDC; (e) IQ; (f) VFI Corporate Finance; (g) any parties in litigation against any of the Debtors that is pending in the United States; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Petitioner submits that, in light of the nature of the relief requested, no other or further notice need be given.

15. No prior motion for the relief requested herein has been filed in this or any other court.

[*Signature on following page*]

WHEREFORE, for the reasons set forth herein, the Petitioner respectfully requests that this Court enter an order substantially in the form of the proposed order attached hereto, (i) authorizing the Petitioner to file under seal the Settlement Agreement, (ii) directing that the Settlement Agreement not be made available to any person or entity except the Court, the U.S. Trustee, and other persons upon further order of the Court, and (iii) granting such other and further relief as is just and proper.

Dated: May 27, 2020
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email:  mcguire@lrclaw.com
-and-
**NORTON ROSE FULBRIGHT US LLP**
Howard Seife (admitted *pro hac vice*)
Andrew Rosenblatt (admitted *pro hac vice*)
Francisco Vazquez (admitted *pro hac vice*)
James A. Copeland (admitted *pro hac vice*)
1301 Avenue of the Americas
New York, New York  10019
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
Email:  howard.seife@nortonrosefulbright.com
andrew.rosenblatt@nortonrosefulbright.com
francisco.vazquez@nortonrosefulbright.com
james.copeland@nortonrosefulbright.com

*Counsel to the Petitioner*