# **<u>EXHIBIT A</u>**

| | |
|---|---|
| **C A N A D A** | **SUPERIOR COURT** |
| PROVINCE OF QUÉBEC<br>DISTRICT OF MONTREAL | (Commercial Division)<br>(Sitting as a court designated pursuant to the Companies' Creditors Arrangement Act, R.S.C. 1995, c. 36, as amended) |
| N°: 500-11-058116-209 | |

*IN THE MATTER OF THE COMPROMISE OR ARRANGEMENT OF:*

**SPECTRA PREMIUM INDUSTRIES INC.**

-and-

**SPECTRA PREMIUM HOLDINGS (USA) CORP.**

-and-

**SPECTRA PREMIUM (USA) CORP.**

-and-

**SPECTRA PREMIUM PROPERTIES (USA) CORP.**

-and-

**SPECTRA PREMIUM TAIWAN CO. LTD.**

-and-

**SPECTRA PREMIUM (SHANGHAI) AUTOMOTIVE TECHNICAL SERVICES CO. LTD.**

-and-

**SPECTRA PREMIUM (CHONGQING) AUTOMOTIVE SERVICES CO. LTD.**

                          Petitioners

-and-

**ERNST & YOUNG INC.**

                          Monitor

-and-

**INDIANA BECKNELL INVESTORS 2011 LLC**

                          Impleaded Party

**MOTION TO APPROVE A SETTLEMENT AGREEMENT AND AN AMENDMENT TO A LEASE**

**INTRODUCTION**

1. The Petitioners (the "**Spectra Group**") are debtor companies in the Motion for the issuance of an Initial Order filed on March 9, 2020 (the "**Initial Motion**") for whom a First Day Initial Order under the *Companies' Creditors Arrangement Act* ("**CCAA**") was issued in this Court file on March 10, 2020 (the "**First Day Order**") and an Amended and Restated Initial Order was rendered on March 24, 2020 (the "**A&R Initial Order**"), as appears from the Court record.

2. On March 12, 2020, following the filing by the Monitor of (i) a *Verified Petition under Chapter 15 for recognition of the Canadian Proceedings and Request for related relief* and (ii) a *Motion for Provisional Relief pursuant to section 1519 of the Bankruptcy Code*, (the "**Chapter 15 Proceedings**"), the US Bankruptcy Court for the District of Delaware issued an *Order granting Provisional Relief pursuant to Bankruptcy Code section 1519* and giving full force and effect on an interim basis to the First Day Order including, without limitation, the stay of proceedings set forth in the Initial Order, until otherwise ordered by the US Bankruptcy Court (the "**US Court Order**"), as appears from the Court record.

3. As of this day, the US Court Order has still full force and effect pending a final decision of the *Verified Petition under Chapter 15 for recognition of the Canadian Proceedings and Request for related relief*. The hearing on said petition was scheduled for May 27, 2020 but was postponed and is now scheduled for May 28, 2020.

4. Since the issuance of the First Day Order and the A&R Initial Order, Spectra Group, with the assistance of the Monitor, has been in contact with its suppliers and several other stakeholders advising them of the *status quo* resulting from the First Day Order and of Spectra Group's continuous operations in the normal course of business.

5. As detailed hereinafter, the Impleaded Party to this motion, Indiana Becknell Investors 2011 LLC (the "**Landlord**") is a landlord of Spectra Premium (USA) Corp. ("**Spectra US**") for a warehouse located in the State of Indiana.

6. The Landlord was a respondent party to a *Motion for declaratory judgment and the issuance of a safeguard order regarding a leased property* filed by the petitioners on April 28, 2020 (the "**Safeguard Motion**"). Said motion was postponed *sine die* during a management case hearing that took place on May 1st, 2020.

7. The purpose of the present motion is to approve a settlement agreement and a lease extension between the Landlord and Spectra US as per the draft Approval Order sought and filed as **Exhibit R-1**.

**BACKGROUND**

8. Spectra Group has operations in the US for the distribution of its inventory and uses, among others, a 250,000 square feet warehouse located at 3052 North Distribution Way in Greenfield, Indiana (the "**Warehouse**"), in accordance with a Lease Agreement between the Landlord and Spectra US[1] dated April 15, 2013 (as amended (i) by a Letter of Agreement dated July 24, 2013, (ii) by a Second Amendment to Lease dated July 11, 2018 and (iii) a Third Amendment to Lease dated May 28, 2019 (collectively: the "**Lease**"), as appears from the Safeguard Motion.

---

[1] Obligations of Spectra US under the Lease are guaranteed by Spectra Premium Industries Inc.

9. As detailed in the Safeguard Motion, a debate existed between the parties as to the expiry of the Lease and Spectra Group had no choice but to file the Safeguard Motion to ensure that Spectra US could maintain its possession and continued occupancy of the Warehouse at least until May 31, 2020.

10. During the management case hearing that took place on May 1st, 2020, the undersigned attorneys announced to the Court that a Disclaimer Notice had been sent by the Petitioners with regards to the Lease and that the disclaimer of the Lease was to take effect on May 30, 2020.

11. In the circumstances, it was agreed that the Safeguard Motion would quickly become moot and it was therefore postponed *sine die*.

12. The disclaimer of the Lease had been sent considering that the Landlord had not shown any willingness to keep Spectra US as a tenant of the Warehouse for an extended period of time after May 31, 2020 and that there were serious discussions with a third-party landlord for another warehouse located close to the Warehouse.

13. Despite those discussions with third parties for the lease of alternative warehouses, considering the significant costs and energy as well as logistic involved for the relocation Spectra Group's inventory and activities to a new location, Spectra Group maintained contact and continued its negotiation with the Landlord in an effort to reach an agreement for an extension of the existing Lease beyond May 31, 2020;

14. Such discussions involved, among others, a review of the rent payable, the period of the extension, a proposed incentive to lease, a deposit for the lease obligations, the obligations of the tenant upon the surrender of the premises.

15. That process took several weeks and finally led to the Landlord and Spectra US signing, on May 21, 2020, a Settlement Agreement and Release (the "**Settlement Agreement**"), copy of which is communicated under seal as **Exhibit R-2**, and a Fourth Amendment to Lease (the "**Fourth Amendment**"), copy of which is communicated under seal as **Exhibit R-3**.

16. The Settlement Agreement and the Fourth Amendment are filed under seal to protect the confidential information they contain.

### APPROVAL OF THE SETTLEMENT AGREEMENT AND FOURTH AMENDMENT

17. As part of the Settlement Agreement and the Fourth Amendment, it is a condition of their effectiveness that they be approved by this Court since they were negotiated and agreed upon in a context of a conflict between the parties. Such approval is also requested from the US Bankruptcy Court at the specific request of the Landlord.

18. The highlights of the Settlement Agreement and the Fourth Amendment are the following:

    a) Extension of the Lease for a period ending May 31, 2021, with an option for both Spectra US and the Landlord to terminate the Lease with a minimum notice of 60 days not to be sent before December 1st, 2020;

    b) Payment by Spectra US of a lump sum amount as a lease incentive for the Landlord;

c) Acknowledgment of Spectra US that Landlord may apply any of the balance of a security deposit against any outstanding obligations of Spectra as of the date of the Initial Order;

d) Security deposit equal to 3 months of basic rent be apply against the rent payable for the months of September 22, November 2020 and the last month of the extension;

e) Expedited relief in case of default under the Settlement Agreement and the Fourth Amendment; and

f) Clarification of the extend of the obligations of Spectra US upon the surrender of the Warehouse at the expiry of the Lease considering the filing of the proceeding pursuant to the CCAA;

g) Withdrawal by the Landlord of Objection to the Chapter 15 Proceedings, including any supplementary petitions.

h) Mutual release with respect to Lease and the Warehouse occurring on or before the effective date.

19. In reviewing all possible options available, remaining in the Warehouse and agreeing to the terms of the Settlement Agreement and the Fourth Amendment were determined to be the more favourable conditions for Spectra Group, considering that:

a) Securing the occupation of the Warehouse was a very time sensitive issue that needed to be solved quickly considering the value of the inventory that is kept in the Warehouse;

b) The payment of an incentive to the Landlord was considered acceptable considering that it represents an amount that is less than the assessed expenses related to a relocation of Spectra Group's activities into a new warehouse;

c) Moving to a new warehouse at this point in time would have been a very important logistical burden for the Spectra Group's employees that are already dealing with these restructuring proceedings in the context of the Covid-19 pandemic;

d) The extension period that was negotiated provides flexibility to Spectra Group as the downsizing transition of its US aftermarket business continues, allowing Spectra Group the time to review its options and look for a smaller and less expensive warehouse for the long term when the transition will be completed.

20. In the circumstances, Spectra Group submits that it is appropriate that the Settlement Agreement and the Fourth Amendment be approved by this Court.

21. The Monitor has been kept apprised of all the negotiations that took place in the last few weeks and has indicated that it supports the present motion.

22. Considering the nature of the Settlement Agreement and the Fourth Amendment, the Monitor has indicated that it does not intent to file a report to specifically address the Settlement Agreement and the Fourth Amendment but that it will make through its counsels verbal observations and be available to answer any questions the Court.

23. The present motion is being filed on an urgent basis considering that it would be in the interest of the parties that this Court approves the Settlement Agreement and the Fourth Amendment prior to the hearing of the Chapter 15 Proceedings set for May 28, 2020.

24. Following approval of the Settlement Agreement and Fourth Amendment by this Court, the Monitor will submit the Settlement Agreement and Fourth Amendment to the US Bankruptcy Court for its approval. It is the Monitor's intention to seek approval of the Settlement Agreement and Fourth Amendment as part of order granting recognition to these cases.

**FOR THESE REASONS, MAY IT PLEASE THE COURT TO:**

**GRANT** the present *Motion to approve a settlement agreement and an amendment of a lease* (the "**Motion**");

**ABRIDGE** the delays of presentation of the Motion;

**ISSUE** an Approval Order in accordance with the draft communicated as Exhibit R-1;

**ORDER** that Exhibit R-2 and Exhibit R-3 in support of the Motion be kept under seal.

**THE WHOLE** without costs, except if contested.

MONTREAL, May 25, 2020

*Lavery De Billy*

_____
**LAVERY, DE BILLY, L.L.P.**
Lawyers for Petitioners

## **AFFIDAVIT**

I, the undersigned, DENIS CHABOT, Vice President and Chief Financial Officer of the Petitioners, having a place of business at 1421 Ampère Street, Boucherville, Québec, J4B 5Z5, solemnly affirm that:

1. I am the authorized representative of the Petitioners and, as such, I have cognizance of all the facts in the present matter;

2. All the facts alleged in the *Motion to approve a settlement agreement and an amendment of a lease* are true.

AND I HAVE SIGNED:

_____
DENIS CHABOT

ASSERMENTÉ, ce 25 mai 2020, devant moi
par vidéoconférence Zoom, à Morin-Heights et
à St-Hubert m'ayant permis de reconnaître
Denis Chabot, de le voir lire l'entièreté de la
déclaration sous serment puis signer. Le document
transmis par courriel est *Motion to approve a settlement
agreement and an amendment of a lease*.

_____
Commissioner of Oaths for Province of Quebec

## NOTICE OF PRESENTATION

TO:   **THE SERVICE LIST**

**TAKE NOTICE** that the present *Motion to approve a settlement agreement and an amendment of a lease* will be presented for before the Honourable Justice Louis J. Gouin, S.C.J., **on May 28, 2020** at **9:30 am** in a forum to be further announced to the Service List.

Any party wishing to object to this motion shall file a notice of objection <u>**no later than May 27, 2020 at 16:30 pm.**</u>

If no one objects, judgment will be rendered without a hearing on May 28, 2020. If a notice of objection is filed, the coordinates will circulate for a hearing on May 28, 2020 at 9:30 am

**DO GOVERN YOURSELVES ACCORDINGLY.**

MONTREAL, May 25, 2020

*Lavery De Billy*

**LAVERY, DE BILLY, L.L.P.**
Lawyers for Petitioners

N°: 500-11-058116-209

---

**SUPERIOR COURT**
*(Commercial Division)*
**DISTRICT OF MONTRÉAL**

---

*IN THE MATTER OF THE COMPROMISE OR ARRANGEMENT OF:*

**SPECTRA PREMIUM INDUSTRIES INC.**
-and- **SPECTRA PREMIUM HOLDINGS (USA) CORP.**
-and- **SPECTRA PREMIUM (USA) CORP.**
-and- **SPECTRA PREMIUM PROPERTIES (USA) CORP.**
-and- **SPECTRA PREMIUM TAIWAN CO. LTD.**
-and- **SPECTRA PREMIUM (SHANGHAI) AUTOMOTIVE TECHNICAL SERVICES CO. LTD.**
-and- **SPECTRA PREMIUM (CHONGQING) AUTOMOTIVE SERVICES CO. LTD.**

　　　　　　　　　　　　　　　　Petitioners

AND

**ERNST & YOUNG INC.**
　　　　　　　　　　　　　　　　Monitor

-and-

**INDIANA BECKNELL INVESTORS 2011 LLC**
　　　　　　　　　　　　　　　　Impleaded Party

---

**MOTION TO APPROVE A SETTLEMENT AGREEMENT AND AN AMENDMENT TO A LEASE**

---

**ORIGINAL**

---

O/file: 001320-00060　　　　　　　　　　　　BL 1332

Me Jean Legault: 514 878-5561
Me Jonathan Warin: 514 878-5616

**LAVERY, DE BILLY, L.L.P.**
SUITE 4000, 1, PLACE VILLE MARIE, MONTREAL, QUEBEC H3B 4M4
TELEPHONE: 514 871-1522   FAX NUMBER: 514 871-8977
EMAIL NOTIFICATIONS: NOTIFICATIONS-MTL@LAVERY.CA