# Exhibit A

# (Proposed Order)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------ x
In re:                                                             :   Chapter 15
                                                                   :
SPECTRA PREMIUM INDUSTRIES INC., *et al.*,[1]                      :   Case No. 20-10611 (BLS)
                                                                   :
       Debtors in a Foreign Proceeding.                            :   (Jointly Administered)
                                                                   :   Ref. No. ___
------------------------------------------------------------------ x

**ORDER (I) ENFORCING (A) CANADIAN COURT ORDER APPROVING SALE OF DEBTORS' ASSETS AND (B) CANADIAN COURT ORDER APPROVING ASSIGNMENT OF CERTAIN CONTRACTS, (II) APPROVING SALE OF DEBTORS' ASSETS, INCLUDING ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Ernst & Young Inc. (the "Foreign Representative"), in its capacity as the court-appointed monitor of the above-captioned debtors (collectively, the "Debtors") in insolvency proceedings (the "Canadian Proceedings") commenced under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA") pending before the Superior Court, sitting in the Commercial Division for the district of Montréal (the "Canadian Court"), and as the duly authorized foreign representative as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), for an order (i) recognizing and giving full force and effect to the order that will be entered by the Canadian Court (the "Canadian Vesting Order") approving the sale of substantially all of the Debtors' assets to Turnspire Capital Partners, through its designees Spectra Premium Mobility Solutions Canada Ltd. and Spectra

---

[1] The Debtors in these Chapter 15 cases, along with the last four digits of each Debtor's federal identification number, are: Spectra Premium Industries Inc. (4016); Spectra Premium Holdings (USA) Corp. (7133); Spectra Premium (USA) Corp. (9447); and Spectra Premium Properties (USA) Corp. (7618). The registered office of Spectra Premium Industries Inc., the Debtors' ultimate corporate parent company, is located at 1 Place Ville Marie in Montréal, Québec, Canada, H3B 4M4, Suite 4000. The Debtors are collectively managed from the Spectra Group's corporate headquarters in Boucherville, Québec, Canada.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Premium Mobility Solutions USA, LLC (together, the "Purchaser"), (ii) recognizing and giving full force and effect to the order that will be entered by the Canadian Court approving the assignment of certain of the Debtors' contracts to the Purchaser (the "Canadian Assignment Order" and, together with the Canadian Vesting Order, the "Canadian Orders"), (iii) authorizing and approving the sale of substantially all of the Debtors' assets, including the assumption and assignment of certain contracts, to the Purchaser pursuant to the terms and conditions set forth in the Canadian Orders, and (iv) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with sections 157 and 1334 of title 28 of the United States Code, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012 (the "Amended Standing Order"); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to section 157(b) of title 28 of the United States Code; and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and this Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.[3]

2. All objections to the Motion or the relief requested therein that have not been

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

withdrawn, waived or settled by stipulation, and all reservations of rights included therein, are hereby overruled on the merits or the interests of such objections have been otherwise satisfied or adequately provided for.

3. The Sale, including the assignment of the Assigned Agreements, and all of the terms and conditions thereof, as set forth in the Canadian Orders, are hereby approved.

4. The Canadian Vesting Order and the Canadian Assignment Order, copies of which were attached to the Motion as Exhibit C and Exhibit D, respectively, are hereby recognized and enforced and given full force and effect in the United States.

5. The Foreign Representative is authorized, pursuant to sections 105, 363, 1507, 1520, and 1521 of the Bankruptcy Code, to consummate the Sale and to transfer the Debtors' assets (the "Purchased Assets") to the Purchaser in accordance with the Canadian Orders and the Asset Purchase Agreement. The Sale shall constitute a legal, valid, and effective transfer of the Debtors' right, title, and interest in the Purchased Assets, notwithstanding any requirement for approval or consent by any person or entity and shall vest the Purchaser with any and all right, title, and interest of the Debtors in and to the Purchased Assets.

6. In accordance with the Canadian Orders and sections 363 and 1520 of the Bankruptcy Code,[4] upon the consummation of the Sale, all rights, title and interest in and to the Purchased Assets shall vest absolutely and exclusively in and with the Purchaser, free and clear of and from any and all claims, liabilities (direct, indirect, absolute or contingent), obligations, interests, prior claims, security interests (whether contractual, statutory or otherwise), liens,

---

[4] The Debtors may sell the Purchased Assets free and clear of all liens, claims and interests, because one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code have been satisfied. Those holders of liens, claims and interests against the Debtors or any of the Purchased Assets who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code.

charges, hypothecs, mortgages, pledges, deemed trusts, assignments, judgments, executions, writs of seizure or execution, notices of sale, options, adverse claims, levies, rights of first refusal or other pre-emptive rights in favor of third parties, restrictions on transfer of title, or other claims or encumbrances, whether or not they have attached or been perfected, registered, published or filed and whether secured, unsecured or otherwise (collectively, the "Encumbrances"), excluding any Permitted Encumbrances (as defined in the Asset Purchase Agreement and/or Canadian Vesting Order); provided, however, that all Encumbrances (except the Permitted Encumbrances) shall attach to the proceeds of the Sale with the same priority as they had with respect to the Purchased Assets immediately prior to the sale, as if the Purchased Assets had not been sold and remained in the possession or control of the person having that possession or control immediately prior to the sale, subject to any claims, interests, and defenses the Debtors or any of their affiliates may possess with respect thereof.

7. The transactions contemplated by the Canadian Orders and the Asset Purchase Agreement, including the Sale, are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal, modification, or vacatur by a subsequent order of this Court or any other court of the authorization provided herein of the Sale, shall not affect the validity of the Sale of the Purchased Assets to the Purchaser, and notwithstanding any reversal, modification, or vacatur of this Order, the Sale shall be governed in all respects by the provision of this Order and the Canadian Orders, as the case may be.

8. Approval of the Motion, enforcement of the Canadian Orders, and the consummation of the Sale contemplated thereby are in the best interests of the Debtors, their creditors and other parties in interest. The consideration provided by the Purchaser pursuant to the Asset Purchase Agreement for its purchase of the Purchased Assets constitutes reasonably

equivalent value and fair consideration under the Bankruptcy Code and under the laws of the Unites States and those of any state, territory, possession or the District of Columbia. The transactions approved by this Order are not subject to avoidance under section 363(n) of the Bankruptcy Code. The Purchaser is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

9. The provisions of this Order approving the Sale and authorizing the sale of the Purchased Assets free and clear of the Encumbrances shall be self-executing, and neither the Debtors, the Foreign Representative nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate and implement the provisions of this Order. Notwithstanding the foregoing, a certified copy of this Order may be filed with the appropriate clerk and/or recorded, and such clerk, recorder, or other applicable office, official, or person is hereby directed to accept such filing and act to cancel the liens, claims, interests and other Encumbrances of record.

10. If any person or entity which has filed statements or other documents or agreements evidencing any Encumbrances or other interests in, the Purchased Assets shall not have delivered to the Debtors prior to the closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements and any other documents necessary for the purpose of documenting the release of any and all Encumbrances and other interests that the person or entity has or may assert with respect to the Purchased Assets, the Debtors are hereby authorized and directed, and the Purchaser is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Purchased Assets.

11. Section 365 of the Bankruptcy Code shall hereby apply to these Chapter 15 cases.

In accordance with the Canadian Assignment Order, the Foreign Representative is authorized, pursuant to sections 363 and 365 of the Bankruptcy Code, to assume the Assigned Agreements and assign such agreements to the Purchaser, and such transfer and assignment shall be deemed legal, valid, binding and effective and shall be free and clear of all Encumbrances. The Assigned Agreements shall be transferred to, and remain in full force and effect for the benefit of the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assigned Agreement that prohibits, restricts, or conditions such assignment or transfer.

12. The Debtors and the Foreign Representative are authorized to perform all of their obligations under and comply with the terms of the Canadian Orders and consummate the Sale, pursuant to and in accordance with the terms and conditions of the Canadian Orders.

13. The Debtors, the Foreign Representative and the Purchaser are authorized to consummate the Sale immediately upon entry of this Order.

14. Pursuant to section 1521 of the Bankruptcy Code and subject to the Canadian Orders and Asset Purchase Agreement, counsel for the Debtors (Lavery de Billy LLP) is entrusted with the distribution of the proceeds of the Sale and is hereby authorized to distribute such proceeds in the Canadian Proceedings in accordance with the Canadian Orders and applicable law.

15. The terms and provisions of this Order shall inure to the benefit of the Debtors and the Purchaser and their respective successors and assigns.

16. This Order is and shall be binding upon and govern the acts of all persons and entities, including without limitation, the Purchaser, the Debtor, the Foreign Representative, any trustees, all creditors and shareholders of the Debtors, any person or entity asserting a lien on or other interest in the Purchased Assets, all parties in interest, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds,

administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Canadian Orders.

17. Effective upon the consummation of the Sale and except as otherwise provided by the Canadian Orders or this Order, all persons and entities are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity in any judicial, administrative, arbitral or other proceeding against the Purchaser, its successors and assigns, or their respective assets or properties, with respect to any (a) claim arising under, out of, in connection with or in any way relating to the Purchased Assets prior to the consummation of the Sale, or (b) successor liability, including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Purchaser or its successors, or any of their respective assets or properties; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or other against the Purchaser or its successors, or any of their respective assets or properties; (iii) creating, perfecting or enforcing any liens, claims or interests, or other Encumbrances against the Purchaser or its successors, or any of their respective assets or properties; (iv) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due to the Purchaser or its successors; (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, the Canadian Orders, or the agreements or

actions contemplated or taken in respect thereof; or (vi) revoking, terminating or failing or refusing to issue or renew any license, permit or authorization to operate any of the Purchased Assets.

18.  Upon the occurrence of the closing, this Order shall be considered and constitute for any and all purposes a full and complete general assignment conveyance and transfer of the Purchased Assets located in the United States acquired by the Purchaser under the Asset Purchase Agreement and/or a bill of sale or assignment transferring indefeasible title and interest in the Purchased Assets to the Purchaser.

19.  The Purchaser shall not be deemed, as a result of any action taken in connection with this Order, the Canadian Orders or the Asset Purchase Agreement, to: (a) be a legal successor, or otherwise be deemed a successor to the Debtors or any of their affiliates (other than with respect to any obligations arising under the Purchase Agreement from and after the closing); (b) have, de facto or otherwise, merged with or into the Debtors or any of their affiliates; or (c) be a mere continuation or substantial continuation of the Debtors or any of their affiliates or the enterprise of the Debtors or any of their affiliates.  Without limiting the foregoing, the Purchaser shall have no obligations with respect to any liabilities of the Debtors or any of their affiliates, including, but not limited to, liens, claims or interests based under any theory of successor liability, de facto merger or continuity of interest.

20.  No bulk sales law, or similar law of any state or other jurisdiction, shall apply in any way to the Sale, the Motion or this Order.

21.  The failure specifically to include any particular provision of the Asset Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Asset Purchase Agreement be authorized and approved in its entirety.

22. The Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors.

23. The automatic stay pursuant to sections 362 and 1520 of the Bankruptcy Code is hereby lifted with respect to the Debtors solely to the extent necessary to allow the Purchaser, the Foreign Representative, and/or the Debtors to deliver any notice provided for in the Canadian Orders or the Asset Purchase Agreement and allow the Purchaser, the Foreign Representative, and/or the Debtors to take any and all actions permitted under this Order, the Canadian Orders or the Asset Purchase Agreement in accordance with the terms and conditions thereof.

24. Nothing in this Order: (a) releases, nullifies, precludes or enjoins the enforcement of any liability to a governmental unit under police or regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order; or (b) authorizes the transfer to the purchaser of any license, permit, registration, or governmental authorization or approval without the Purchaser's compliance with all applicable legal requirements under non-bankruptcy law governing such transfers.

25. Notice of the Motion, as provided therein, and the Sale free and clear of all Encumbrances shall be deemed good and sufficient and reasonable under the circumstances in these Chapter 15 cases and otherwise satisfies the requirements of applicable Bankruptcy Rules and the Local Rules.

26. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

27. Notwithstanding Bankruptcy Rule 6004(h) and 6006(d), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

28. Nothing contained herein shall be construed as an admission of the validity of any claim or lien against the Debtors, or a waiver of the Foreign Representative's or the Debtors' rights to dispute any claim or lien.

29. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: _____, 2021        _____
      Wilmington, Delaware                         Honorable Brendan L. Shannon
                                               United States Bankruptcy Judge